UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JESUS GRAJALES,

                Petitioner,

-against-

THE UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
08-CV-4980 (SLT)

TOWNES, United States District Judge.

Petitioner Jesus Grajales, who is currently incarcerated at the Federal Correctional Institution at Raybrook, New York, brings this *pro se* petition for a writ of *audita querela* under the All Writs Act, 28 U.S.C. § 1651(a). For the reasons discussed below, the petition is hereby dismissed.

## BACKGROUND

Petitioner pleaded guilty before this Court on March 19, 1999. *United States v. Grajales*, No. 98 CR 444 (RR). The Court entered judgment and sentence on January 19, 2000. Petitioner appealed to the United States Court of Appeals for the Second Circuit, which affirmed the conviction and sentence on November 17, 2000. *See* Second Circuit Dk No. 00-1063. Thereafter, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, which was denied by the Honorable Reena Raggi, then a United States District Judge, on March 2, 2002. *Grajales v. United States*, No. CV 01-7126, 2002 WL 718123 (E.D.N.Y. Mar. 5, 2002). Petitioner appealed the denial of the habeas petition to the United States Court of Appeals for the Second Circuit, which affirmed Judge Raggi's decision.

1

# DISCUSSION

The writ of *audita querela* may be available when there is a legal objection to a conviction that has arisen subsequent to the conviction and is not redressable pursuant to another postconviction remedy. *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995). Thus, the writ of *audita querela* is available only to fill any gaps of the federal postconviction remedial framework. *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007).

Petitioner argues that his sentence is inconsistent with the Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005), which was decided after the denial of petitioner's petition for a write of habeas corpus. Petitioner's argument is unavailing because the Second Circuit has held that *Booker* does not apply retroactively to cases that became final prior to the date of its decision. *Guzman v. United States*, 404 F.3d 139, 140 (2d Cir. 2005); *see also United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007). As a result, petitioner may not maintain a petition for a writ of *audita querela* on the basis of *Booker*.

Petitioner also argues that his conviction should be set aside because he received a much greater sentence than his codefendants. Petition at 4–7. Apart from *Booker*, petitioner does not point to a new development that could arguably entitle him to a petition for a writ of *audita querela*. Moreover, there is no gap in the postconviction remedies available to petitioner, as he has already requested and been denied a writ of habeas corpus. A writ of *audita querela* may not be used to circumvent the procedural requirements of the Antiterrorism and Effective Death Penalty Act of 1996, which limits the availability of successive § 2255 petitions. *See, e.g., D'Amico v. United States*, No. 94 Civ. 3825 (PKL), 2000 WL 686371, at *3–4 (S.D.N.Y. May 26, 2000). Accordingly, a writ of *audita querela* may not lie, and thus the petition is dismissed.

## CONCLUSION

For the foregoing reasons, the petition for a writ of *audita querela* is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
December 15, 2008